IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

RONALD PETRUNICH                        :
                        Plaintiff       :
        v.                              :        3:CV-04-2234
                                        :        (JUDGE VANASKIE)
SUN BUILDING SYSTEMS, INC., d/b/a       :
Contempri Homes, THOMAS SCHOTT,         :
JIM JONES                               :
                        Defendants      :

MEMORANDUM

At issue in this matter is the amount of attorney fees and costs to be awarded to Plaintiff

Ronald Petrunich as the prevailing party in his lawsuit brought under federal and state anti-

discrimination statutes.  Mr. Petrunich sued Defendants Sun Building Systems, Inc., d/b/a

Contempri Homes ("Sun"), Thomas Schott, and Jim Jones (collectively "Defendants"), alleging,

inter alia, that Defendants terminated his employment because of his age in violation of the Age

Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621-634, and the

Pennsylvania Human Relations Act ("PHRA"), 43 Pa. Stat. Ann. §§ 951-963.  Mr. Petrunich

moved for partial summary judgment on the issue of Defendants' liability, which this Court

granted in relevant part, concluding Defendants violated the ADEA and PHRA.  A trial was

subsequently held on the issue of damages.  Mr. Petrunich failed to prove that he was actually

injured by Defendants' unlawful discrimination, and the jury awarded him nothing.  Thereafter,

the Court entered an Order awarding Mr. Petrunich nominal damages of $1.00.

Before the Court is Mr. Petrunich's Motion for Attorney Fees and Costs.  (Dkt. Entry 70.) This motion presents the question of what is a reasonable fee when a plaintiff recovers nominal damages in an age discrimination case.  Defendants contend that Mr. Petrunich's victory is de minimis, compelling a determination that an award of any attorney fees would be unreasonable. Finding merit in this contention, the Court will deny Mr. Petrunich's request for attorney fees. The Court will, however, award Mr. Petrunich $584.80 in costs.

I. BACKGROUND

Mr. Petrunich was employed by Sun in its quality control department.  As part of its business restructuring, Sun advised Mr. Petrunich in July of 2003 that it was eliminating his position in quality control.  Sun offered Mr. Petrunich a position in its customer service department, which he refused.  Mr. Petrunich alleged that he was forced out because of his age.  After his departure, Sun replaced him in quality control with a younger employee.

On October 11, 2004, Mr. Petrunich filed a six-count complaint against Defendants. (Dkt. Entry 1.)  In Count One, Mr. Petrunich alleged that Sun violated the ADEA by terminating his employment because of his age.  In Count Two, Mr. Petrunich alleged that Sun violated the ADEA when it retaliated against him for filing a complaint of age discrimination with the Pennsylvania Human Relations Commission.  Counts Three and Four were parallel claims under the PHRA for age discrimination and retaliation.  In Counts Five and Six, Mr. Petrunich alleged that Messrs. Schott and Jones, respectively, violated the PHRA by aiding and abetting

Sun's commission of unlawful employment practices.  Mr. Petrunich sought primarily monetary

relief, including back pay, front pay, lost benefits, liquidated damages, and compensatory

damages for emotional distress.

The parties commenced discovery following the Case Management Conference.

Among other things, Mr. Petrunich served on Defendants six requests for admission under Fed.

R. Civ. P. 36.  The requests were terse and crafted to mirror the elements of a prima facie case

of age discrimination.  (See Ex. A. to Br. Supp. Pl.'s Mot. Summ. J., Dkt. Entry 15-2.)

Defendants failed to answer the requests.  Parties served with requests for admission have

thirty days to answer or object thereto; otherwise, the requests are deemed admitted and the

matters therein conclusively established.  See Fed. R. Civ. P. 36(a)(3).[1]  Plaintiffs' requests

were deemed admitted due to Defendants' failure to answer them.

On June 20, 2005, Mr. Petrunich moved for partial summary judgment with respect to

Defendants' liability under the ADEA and PHRA.  (Dkt. Entry 14.)  Accompanying the motion

was a statement of material facts, required by Local Rule of Court 56.1, predicated on the

requests for admission and an affidavit of Mr. Petrunich.  (See Dkt. Entry 15-4.)  Besides the

requests for admission and the affidavit, Mr. Petrunich offered no other evidence in support of

---

[1]Amendments to the Federal Rules of Civil Procedure went into effect December 1,
2007.  All rules, including Rule 36, were "restyl[ed] . . . to make them more easily understood
and to make style and terminology consistent throughout the rules."  Fed. R. Civ. P. 36 advisory
committee note (2007 Amendment).  No substantive changes were made to Rule 36.  As such,
citations to Rule 36 are to the current, amended version.

his motion.  Defendants filed a brief opposing Mr. Petrunich's motion, (Dkt. Entry 17), but never

responded to the statement of material facts.  Under the Court's local rule, such facts were

deemed undisputed.

On September 26, 2006, the Court issued a Memorandum and Order granting in part

Mr. Petrunich's summary judgment motion.  (Dkt. Entry 19.)  Disposition of this motion rested

on procedural, rather than substantive, considerations.  As a threshold issue, the Court

determined the consequence of Defendants' failure to timely answer the requests for

admission.  Pursuant to Rule 36(a)(3), the matters were deemed admitted and, therefore,

conclusively established.  (Id. at 6.)  Conceding their failure to timely respond, Defendants

urged the Court to allow them to withdraw or amend the deemed admissions and to permit their

belated responses.  (Id.)  The Court denied Defendants' entreaty, reasoning withdrawal or

amendment would disserve the presentation of the merits and prejudice Mr. Petrunich.  (Id. at

9-10.)[2]

The Court then addressed the merits of Mr. Petrunich's motion, which was unopposed

by Defendants.  In this regard, the request for admissions and Mr. Petrunich's affidavit provided

the evidentiary foundation for a prima facie case of age discrimination.  (Id. at 14.)  Because

---

[2]The Court did, however, strike as improper the request that Defendants admit Mr.
Petrunich "'was discriminated against because of his age.'" (Mem. & Order, Sept. 26, 2006,
Dkt. Entry 19, at 12 (quoting Ex. A. to Br. Supp. Pl.'s Mot. Summ. J. ¶ 3)).)  That request sought
an abstract conclusion of law rather than an application of law to fact.  (Id. at 11-12.)

Sun failed to articulate a legitimate, nondiscriminatory reason for the adverse employment action, the Court entered summary judgment in favor of Mr. Petrunich and against Sun on Counts One and Three.  (Id. at 15.)  The Court also granted summary judgment in favor of Mr. Petrunich and against Messrs. Schott and Jones on Counts Five and Six, as the uncontested facts demonstrated they aided and abetted Sun's unlawful discriminatory conduct.  (Id. at 16.)[3]

Following the summary judgment ruling, a pretrial conference was conducted on December 21, 2006.  Mr. Petrunich's attorney advised the Court that her client demanded in excess of $200,000, an amount that included nearly $50,000 in attorney fees.  Thus, the amount of damages sought by Mr. Petrunich was approximately $150,000.

A jury trial limited to damages was held January 8 and 9, 2007.  Mr. Petrunich had the burden to prove that the Defendants' violations of the ADEA and PHRA harmed him economically and emotionally.  Mr. Petrunich testified that after his discharge he searched for and obtained another job that paid less than he earned at Sun.  He and two family members also testified to his emotional distress in the wake of the discharge.

For their part, Defendants introduced evidence that business conditions required Sun to adjust its quality control department, among other departments, as part of its restructuring. Although Sun downsized the quality control department, Defendants testified that Sun desired

---

[3]The Court denied Mr. Petrunich's summary judgment motion with respect to the retaliation claims.  (Mem. & Order, Sept. 26, 2006, at 19.)  Mr. Petrunich abandoned these claims prior to trial.

to retain Mr. Petrunich and offered him positions in different departments, but at the same rate of pay.  For example, Mr. Petrunich was offered a position in the customer service department. Mr. Schott testified that Mr. Petrunich was well-suited for customer service because he had the right personality and necessary product and industry knowledge.  Mr. Petrunich, however, refused this position.  Defendants also presented a compelling case that business reasons, not Mr. Petrunich's age, explained Defendants' decision to reassign him to another department.

At the close of all the evidence, the Court instructed the jury that Defendants' violation of the ADEA and PHRA had already been established, and that their function was to consider whether damages should be awarded to Mr. Petrunich.  The jury deliberated for a brief period, then returned a verdict in favor of Defendants.  The jury found that Mr. Petrunich failed to prove actual injury and, therefore, awarded no damages.  (See Special Verdict Questions, Dkt. Entry 63, ¶ 1.)  Nevertheless, because it had granted Mr. Petrunich's summary judgment motion as to liability on Counts One, Three, Five, and Six, the Court awarded Mr. Petrunich nominal damages of $1.00.  (Order of Court, Jan. 9, 2007, Dkt. Entry 68.)

On January 18, 2007, Mr. Petrunich filed the instant Motion for Attorney Fees and Costs.  (Dkt. Entry 70.)  Mr. Petrunich was represented in this action by Cynthia L. Pollick, Esquire.  She requests attorney fees of $63,922.50, which includes $4,980.00 in connection with the preparation of the fee motion, and costs of $626.80.  (Id. ¶ 9; Second Pollick Aff, Dkt. Entry 75, ¶ 2.)  Ms. Pollick submitted documentation in support of the motion.  The motion is

fully briefed, (see Br. Supp. Pl.'s Mot. Att'y Fees & Costs ("Pl.'s Br. Supp."), Dkt. Entry 71; Br. Opp'n Pl.'s Mot. Att'y's Fees & Costs ("Defs.' Br. Opp'n"), Dkt. Entry 72; Reply Br. Supp. Pl.'s Mot. Att'y Fees & Costs ("Pl.'s Reply Br."), Dkt. Entry 74), and therefore ripe for disposition.

## II. DISCUSSION

### A. Attorney Fees

Under the ADEA, attorney fees and costs are authorized by § 16(b) of the Fair Labor Standards Act of 1938, 29 U.S.C. § 216(b), which is incorporated by reference into the ADEA. See 29 U.S.C. § 626(b). Section 216(b) provides that the Court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a <u>reasonable</u> attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b) (emphasis added). This Court has discretion to determine the reasonableness of the award. See <u>Brusstar v. Se. Pa. Transp. Auth.</u>, Civ. A. No. 85-3773, 1988 WL 137319, at *1 (E.D. Pa. Dec. 21, 1988). An award of attorney fees and costs under the PHRA is discretionary. See 43 Pa. Stat. Ann. § 962(c.2) ("the court <u>may</u> award attorney fees and costs to the prevailing plaintiff" (emphasis added)).

Defendants contend that Mr. Petrunich's recovery of nominal damages is insufficient to make him the prevailing party. (See Defs.' Br. Opp'n 2.)[4]  Even if a nominal damages award is

---

[4]Defendants also contend that nominal damages are unavailable in ADEA cases, and thus the award here is improper and cannot confer prevailing party status. (Defs.' Br. Opp'n 6.) Defendants never objected to this award. In any event, this contention is meritless. As Mr. Petrunich observes, the Third Circuit approved a jury instruction in ADEA cases regarding nominal damages. (Pl.'s Reply Br. 2 n.1 (citing Model Civ. Jury Instr. 3d Cir. 8.4.5).)

sufficient to confer such status, Defendants contend that Mr. Petrunich's "victory" is so "de minimis" that the only reasonable fee award is no award at all.  (See Id. at 2-5.)  Mr. Petrunich disputes this characterization of his victory as de minimis and contends that he "has met the degree of success that is necessary to prevail on a motion for attorney fees."  (Pl.'s Br. Supp. 4.)  He also observes that "many courts have awarded attorney fees in civil rights cases where plaintiffs received only nominal damages."  (Pl.'s Reply Br. 2; see also id. at 2-6 (citing cases); Pl.'s Br. Supp. 2-4.)

Only prevailing parties are entitled to a fee award under the ADEA.  See Finch v. Hercules Inc., 941 F. Supp. 1395, 1421-22 (D. Del. 1996).  In Farrar v. Hobby, 506 U.S. 103, 105 (1992), the Court considered whether a plaintiff who receives a nominal damages award is a prevailing party for purposes of 42 U.S.C. § 1988.[5]  The plaintiff in Farrar filed a civil rights action seeking $17 million in damages and prevailed on certain claims, but was awarded only nominal damages of $1.00.  Id. at 106-07.  Synthesizing three previous decisions on prevailing party status, the Court declared that a "plaintiff 'prevails' when actual relief on the merits of his

---

Furthermore, courts have awarded nominal damages in ADEA cases.  See, e.g., Grimes v. City of Fort Valley, 773 F. Supp. 1536, 1538-39 (M.D. Ga. 1991).

[5]Farrar concerned attorney fees awarded under 42 U.S.C. § 1988.  Nevertheless, standards governing attorney fees "are generally applicable in all cases in which Congress has authorized an award of fees to a 'prevailing party.'"  Hensley v. Eckerhart, 461 U.S. 424, 433 n.7 (1983).  Cases decided under 42 U.S.C. § 1988, therefore, are relevant when considering a fee request under the ADEA.  See Sullivan v. Crown Paper Bd. Co., 719 F.2d 667, 669 n.1 (3d Cir. 1983); Tobin v. Haverford Sch., 936 F. Supp. 284, 287 (E.D. Pa. 1996); Lefevre v. Harrison Group, Inc., No. Civ. A. 95-1529, 1996 WL 383120, at *2 (E.D. Pa. July 8, 1996).

claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." Id. at 111-12.  This standard is met by a "judgment for damages in any amount, whether compensatory or nominal, [since it] modifies the defendant's behavior for the plaintiff's benefit by forcing the defendant to pay an amount of money he otherwise would not pay." Id. at 113.  The magnitude of the relief obtained, while seemingly "technical" or "de minimis," does not affect one's status as a prevailing party. Id. at 114.  Under this standard, the award of nominal damages qualifies Mr. Petrunich as a prevailing party under the ADEA.

That Mr. Petrunich is a prevailing party merely makes him eligible for an award of attorney fees under the ADEA.  The "technical" or "de minimis" nature of a nominal damages award, though not bearing on the prevailing party inquiry, bears directly on the size, if any, of a fee award.  Once the "litigation materially alters the legal relationship between the parties, 'the degree of the plaintiff's overall success goes to the reasonableness' of a fee award." Id. (quoting Tex. State Teachers Ass'n v. Garland Indep. Sch. Dist., 489 U.S. 782, 793 (1989)).  If the plaintiff achieves minimal success, the lodestar calculation (reasonable hourly rate times hours reasonably expended on litigation) may yield an excessive fee amount. Id. (quoting Hensley v. Eckerhart, 461 U.S. 424, 436 (1983)).  Thus, where the purpose of the litigation is to recover damages, district courts, before calculating the lodestar, are "'obligated to give primary consideration to the amount of damages awarded as compared to the amount sought.'" Id.

9

(quoting City of Riverside v. Rivera, 477 U.S. 561, 585 (1986) (Powell, J., concurring in judgment)).  The difference between the two may be such as to justifiably dispense with the lodestar calculation and simply award low fees or no fees.  Id. at 115.

The Court in Farrar concluded by observing that a plaintiff who formally prevails should, in some circumstances, receive no fee.  "When a plaintiff recovers only nominal damages because of his failure to prove an essential element of his claim for monetary relief, the only reasonable fee is usually no fee at all."  Id. (citation omitted) (emphasis added).

Here, Mr. Petrunich failed to prove that he was actually injured by Defendants' violation of the ADEA and PHRA, an essential element of his claim for monetary relief, and was awarded only nominal damages.  As indicated by Farrar, the recovery of only nominal damages usually means no fee should be awarded.  Nevertheless, Farrar did not establish a per se rule against attorney fees, but indicated that an award of fees will usually be unreasonable.  See Pino v. Locascio, 101 F.3d 235, 238 (2d Cir. 1996) ("[W]hile there is no per se rule that a plaintiff recovering nominal damages can never get a fee award, Farrar indicates that the award of fees in such a case will be rare.").  Accordingly, this Court must determine whether Mr. Petrunich's case is the unusual case excepted from Farrar's rule against fee awards.

The majority opinion in Farrar provides little guidance in distinguishing the usual from the unusual other than to compare the damages sought and the damages recovered.  However, Justice O'Connor, who joined the Court's opinion, wrote an influential concurrence that lower

10

courts have found helpful in this regard.  See Farrar, 506 U.S. at 116-22 (O'Connor, J.,

concurring).  She observed that "[w]hen the plaintiff's success is purely technical or de minimis,

no fees can be awarded.  Such a plaintiff has either failed to achieve victory at all, or has

obtained only a Pyrrhic victory for which the reasonable fee is zero."  Id. at 117 (O'Connor, J.,

concurring).  Nevertheless, she was unwilling to state that all nominal damages awards are de

minimis.  Id. at 121 (O' Connor, J., concurring).  To identify victories that are purely technical or

de minimis, Justice O'Connor set forth three factors courts should consider: (1) "[t]he difference

between the amount recovered and the damages sought"; (2) "the significance of the legal

issue on which the plaintiff claims to have prevailed"; and (3) "the public purpose served" by the

litigation.  Id. at 121-22 (O'Connor, J., concurring).

        After reading Justice O'Connor's concurrence, the Court is persuaded that the factors

she articulated best inform the Court's determination whether Mr. Petrunich is entitled to a fee

award.[6]  In this regard, the Court views the majority and concurring opinions as complementary.

---

[6]Several district courts in this circuit have applied these factors when determining the propriety of a fee award to a plaintiff who recovered nominal damages.  See, e.g., Hare v. Potter, Civ. A. No. 02-CV-7373, 2008 WL 416267, at *6-7 (E.D. Pa. Feb. 12, 2008); Butler v. Frett, Civ. No. 99-4367(RBK), 2006 WL 1806412, at *5-7 (D.N.J. June 29, 2006); Buss v. Quigg (Buss I), No. Civ. A. 01-CV-3908, 2002 WL 31262060, at *5-9 (E.D. Pa. Oct. 9, 2002).  Our Court of Appeals has implicitly approved these factors, albeit in a non-precedential opinion. See Buss v. Quigg (Buss II), 91 F. App'x 759, 761 (3d Cir. 2004).  Furthermore, several courts of appeals have applied Justice O'Connor's factors.  See Mercer v. Duke Univ., 401 F.3d 199, 204 (4th Cir. 2005); Phelps v. Hamilton, 120 F.3d 1126, 1131 (10th Cir. 1997); Jones v. Lockhart, 29 F.3d 422, 423-24 (8th Cir. 1994); Cabrera v. Jakabovitz, 24 F.3d 372, 393 (2d Cir. 1994); Cartwright v. Stamper, 7 F.3d 106, 109-10 (7th Cir. 1993).

The majority announced a general rule that plaintiffs who recover nominal damages should usually recover no fees.  Only if the plaintiff shows that his case is the rare exception to the rule, i.e., that consideration of the Justice O'Connor factors demonstrates the plaintiff's "victory" is more than technical or de minimis, will the Court award fees.

### 1) Difference Between the Amount Sought and Amount Recovered

The first factor is a comparison between "the amount recovered and the damages sought."  Farrar, 506 U.S. at 121 (O'Connor, J., concurring).  Where the purpose of litigation is a monetary recovery, this comparison is the most critical factor in determining the propriety of a fee award.  See id. at 114-15 (majority opinion).[7]  "[A] substantial difference between the judgment recovered and the recovery sought suggests that the victory is in fact purely technical."  Id. at 121 (O'Connor, J., concurring).

Here, Mr. Petrunich sought approximately $150,000.  At trial, he offered evidence in support of his claim of economic and emotional harm, yet utterly failed to convince the jury that he suffered any damages.  The jury returned a verdict in favor of Defendants and awarded Mr. Petrunich nothing.  Mr. Petrunich was awarded $1.00 in nominal damages, enough to nudge him across the line to prevailing party status.  Nevertheless, out of $150,000 sought, Mr.

---

[7]Contrary to Mr. Petrunich's assertion, (see Pl.'s Br. Supp. 4; Pl.'s Reply Br. 5 (quoting Buss I, 2002 WL 31262060, at *6)), a party's subjective motives in pursuing the litigation, such as to establish that the defendant violated his rights, is irrelevant to this factor.  See Mercer, 401 F.3d at 205 (quoting Garland Indep. Sch. Dist., 489 U.S. at 791).

Petrunich recovered $1.00 or 1/150,000 or 0.00066%.  This difference is substantial and strongly suggests that Mr. Petrunich's victory was purely technical or de minimis.  See Maul v. Constan, 23 F.3d 143, 145 (7th Cir. 1994) (victory de minimis where plaintiff sought $100,000 in compensatory damages, but awarded just one dollar in nominal damages).  Accordingly, this factor, paramount in the calculus, weighs against an award of attorney fees.[8]

### 2) Significance of the Legal Issue on Which Plaintiff Prevailed

The second factor is the significance of the legal issue on which plaintiff prevailed.  See Farrar, 506 U.S. at 121 (O'Connor, J., concurring).  This factor has received unequal treatment

---

[8]In arguing that his victory is more than de minimis, Mr. Petrunich notes that the difference in this matter between the damages recovered and the damages sought (1/150,000) is insubstantial compared to the difference in Farrar (1/17,000,000).  (Pl.'s Reply Br. 5-6.)  Mr. Petrunich refers this Court to the decision in Buss I.  In Buss I, the court awarded attorney fees to plaintiffs who prevailed on their Fourth Amendment unlawful entry claim, although the jury awarded no damages.  The plaintiffs sought $150,000 in damages, but recovered three dollars in nominal damages.  Buss I, 2002 WL 31262060, at *1-2.  The court concluded that the plaintiffs' victory was more than de minimis because the "discrepancy between $150,000 and $3 does not approach the level that concerned the court in Farrar."  Id. at *7.

This argument is unpersuasive.  Farrar undoubtedly involved an extreme situation, but nothing in the Court's opinion suggests that its rule against fee awards is limited to such outrageous scenarios, or that the damages differential in Farrar is the benchmark by which all subsequent cases are to be compared.  On the contrary, the Court in Farrar announced a general rule that a prevailing party who recovers nominal damages is not entitled to attorney fees unless that party can show its case is the unusual one.  Because most cases will not involve a damages differential on the scale presented in Farrar, the juxtaposition of a particular case against the facts in Farrar risks the exception swallowing the rule.  In any event, this Court views a damages differential of 1/150,000 substantial and strongly suggestive of a de minimis victory.

from the courts.  Some courts "examine the extent to which the plaintiff[] succeeded on [his] theory of liability."  Phelps, 120 F.3d at 1132; see also Brandau v. Kansas, 168 F.3d 1179, 1182 (10th Cir. 1999) (second factor weighed in favor of award because plaintiff succeeded at trial on primary claim of sexual harassment, although she lost retaliation and constructive discharge claims).  Other courts "equate the element with the importance of the legal issue." Hare, 2008 WL 416267, at *6; see also Piper v. Oliver, 69 F.3d 875, 877 (8th Cir. 1995) ("right to be free from illegal detention was a significant one").  District courts in the Third Circuit have applied both approaches.  See Hare, 2008 WL 416267, at *6-7; Buss I, 2002 WL 31262060, at *7.  In any event, this factor is accorded the least weight.  See Cartwright, 7 F.3d at 110.

        This factor favors Mr. Petrunich because he prevailed with respect to liability on four of six claims, all related to the discriminatory discharge, the primary aspect of this lawsuit. Furthermore, the interest asserted – the right to a discrimination-free workplace – is important.

        But Mr. Petrunich's victory was more technical than substantive, the product of poor lawyer work by Sun's counsel.  In essence, Mr. Petrunich's summary judgment motion was unopposed due to defense counsel's lack of diligence.  More importantly, the merits of Mr. Petrunich's discriminatory discharge claims were, at most, tangential to resolution of his motion. Instead, his motion presented a procedural issue, viz., the consequence of Defendants' failure to timely answer the requests for admission, which required the application of Fed. R. Civ. P. 36(a)(3).  This issue was dispositive, for once the Court determined that the matters covered by

the requests were conclusively established and denied Defendants' request to withdraw or amend the same, summary judgment in favor of Mr. Petrunich was inevitable.  Indeed, the significance of this underlined procedural issue is evident from the briefs filed in support of and in opposition to the motion, which were dedicated to an analysis of Fed. R. Civ. P. 36.  (See Br. Supp. Pl.'s Mot. Summ. J., Dkt. Entry 15; Defs. Mem. Law, Dkt. Entry 17; Pl.'s Br. Resp. Defs.' Br. Opp'n, Dkt. Entry 18.)  Mr. Petrunich had no other evidence, besides his cursory affidavit, to support his summary judgment motion.  Only by persuading this Court that the requests for admission should be deemed admitted, and that Defendants' plea to accept their belated answers should be denied, was Mr. Petrunich able to secure a favorable decision.  As such, the issue on which Mr. Petrunich actually prevailed, while significant to federal litigation generally, is legally insignificant in a civil rights lawsuit seeking to vindicate important personal rights.  Simply stated, Mr. Petrunich's victory was purely technical.  Therefore, the second factor, although weighing in favor of a fee award, is not entitled to significant value.

### 3) Public Purpose of the Litigation

The final factor is the public purpose served by the litigation.  A plaintiff's success "might be considered material if it also accomplished some public goal other than occupying the time and energy of counsel, court, and client."  Farrar, 506 U.S. at 121-22 (O'Connor, J., concurring).  In this regard, the Court must consider "whether the litigation served a public purpose, as opposed to simply vindicating the plaintiff's individual rights."  Mercer, 401 F.3d at

207; see also Maul, 23 F.3d at 145.  A case accomplishes a public purpose when it vindicates the rights of others, creates new precedent, deters future deprivations, and/or provokes a change in the defendant's behavior. See Mercer, 401 F.3d at 207-08; Barber v. T.D. Williamson, Inc., 254 F.3d 1223, 1232 (10th Cir. 2001); Pino, 101 F.3d at 239; Maul, 23 F.3d at 146.

Here, Mr. Petrunich's litigation did not advance a public purpose.  His complaint asserted age discrimination claims that did not "result in ground-breaking conclusions of law," Pino, 101 F.3d at 239, and will not "have a profound influence on the development of the law and on society." Mercer, 401 F.3d at 207; see also id. ("[Plaintiff's] case was important in that it marked a milestone in the development of the law under Title IX [and] will serve as guidance to other schools facing similar issues.").[9]  His complaint implicated an important interest – the right to a discrimination-free workplace – but Mr. Petrunich sought to redress his own injuries without regard to other similarly situated employees.  For instance, the complaint contained no allegations of a pattern or practice of age-based discrimination nor a request for broad-based equitable relief.  Because Mr. Petrunich's lawsuit failed to advance a public purpose, this factor

---

[9]Although this Court's summary judgment ruling is unlikely to garner much attention in the employment discrimination context, its discussion about the failure to timely answer request for admissions was cited by another court.  See Zimmerman v. Cambridge Credit Counseling Corp., 529 F. Supp. 2d 254, 268-69 (D. Mass. 2008) (denying defendants' attempt to withdraw their admissions "when discovery has been conducted and motions have been prepared in reliance on a particular legal theory" (citing Petrunich v. Sun Bldg. Sys., Inc., No. 3:CV-04-2234, 2006 WL 2788208, at *4 (M.D. Pa. Sept. 26, 2006))).

weighs against a fee award.

      4) <u>Conclusion</u>

      In <u>Farrar</u>, the Supreme Court announced a new rule regarding attorney fees in civil rights cases: a plaintiff who recovers nominal damages is usually not entitled to an award of attorney fees.  To be excepted from this general bar, the plaintiff must demonstrate his case is the rare or unusual one that achieved more than a technical or <u>de minimis</u> victory.  After considering the three Justice O'Connor factors, the Court concludes Mr. Petrunich has failed to sustain this burden, and thus, the only reasonable fee is no fee at all.

      The Court's decision to deny Mr. Petrunich fees is in accord with decisions of other courts of appeals that have both affirmed the denial of fees and reversed the awarding of fees where, as here, the plaintiff recovers nominal damages.  For example, in <u>Briggs v. Marshall</u>, 93 F.3d 355, 361 (7th Cir. 1996), the Seventh Circuit approved the district court's application of Justice O'Connor's factors in denying a fee award to plaintiffs.  The plaintiffs sought $75,000 in compensatory damages plus punitive damages, but recovered just four dollars.  <u>Id.</u>  The court agreed with the district court that this difference was substantial, and thus the first factor counseled against a fee award.  <u>Id.</u>  Regarding the third factor, the district court did not abuse its discretion when it found that the plaintiffs' victory advanced no public purpose.  <u>Id.</u>  Like Mr. Petrunich, the plaintiffs in <u>Briggs</u> recovered only nominal damages and obtained no other relief, such as an injunction, to prohibit or otherwise deter future violations.  <u>Id.</u>  This conclusion, the

court emphasized, was not meant to disparage the import of vindicating constitutional rights. But given that "'[§] 1983 claims necessarily involve the violation of a right, privilege or immunity, attorney's fees are appropriate after Farrar only when the plaintiff's victory entails something more than merely a determination that a constitutional guarantee was infringed.'" Id. (Maul, 23 F.3d at 146).[10]   Because this "something more" was lacking, the district court properly denied attorney fees.

Additionally, the federal appellate courts have not been reticent to find district courts abuse their discretion in awarding fees.  In Pouillon v. Little, 326 F.3d 713, 716 (6th Cir. 2003), the district court awarded attorney fees after a jury returned a verdict in favor of plaintiff on his First Amendment claim, but awarded only nominal damages of two dollars.  The district court justified the fee award on the ground that the plaintiff achieved vindication of his First Amendment rights.  Id. at 717.  Holding this to be an abuse of discretion, the Sixth Circuit

---

[10]This point was echoed by the Second Circuit in Pino.  There, the plaintiff asserted Title VII claims of hostile work environment sexual harassment, constructive discharge, and retaliation.  She succeeded only on the sexual harassment claim, and in that regard was awarded one dollar.  Pino, 101 F.3d at 237.  In reversing the district court's fee award, the court observed that "[t]he vast majority of civil rights litigation does not result in ground-breaking conclusions of law, and therefore, will only be appropriate candidates for fee awards if a plaintiff recovers some significant measure of damages or other meaningful relief."  Id. at 239. Because the plaintiff's claims were unremarkable, her recovery of nominal damages rendered the fee award inappropriate.  Cf. Cabrera, 24 F.3d at 393 (affirming fee award, even though plaintiffs received just nominal damages, because litigation created new rule of law in which "landlords can be held liable for employing real estate brokers who are engaged in racial steering").

reversed the fee award.  The court found significant that the plaintiff sought from the jury an award of $10,000, but captured just two dollars, or 1/5,000.  Id. at 718.  Moreover, the court rejected the district court's reasoning that vindication of a constitutional right alone justified a fee award.  Where the primary purpose of litigation is to recover damages, a "civil rights plaintiff is not entitled to attorney's fees when all that he has won is a technical vindication of rights in the form of nominal damages."  Id. at 717.

Similarly, the Court of Appeals for the Fourth Circuit vacated the district court's fee award in Johnson v. City of Aiken, 278 F.3d 333 (4th Cir. 2002).  In Johnson, two plaintiffs recovered $0.35 each from a police officer after succeeding on their claim that the police officer unlawfully searched their automobiles.  Id. at 336.  Under Farrar, the court observed, such "success" cannot justify a fee award.  Id. at 338.  The award of nominal damages was a technical victory that "did little more than provide [the plaintiffs] 'the moral satisfaction of knowing that a federal court concluded that [their] rights had been violated.'"  Id. (quoting Farrar, 506 U.S. at 114).

As the foregoing discussion makes clear, Mr. Petrunich's nominal damages award does not entitle him to an award of attorney fees.  The difference between the amount he sought and the amount he recovered is substantial, and his litigation served no public purpose.  Other than a judicial acknowledgment of his statutory right to a discrimination-free workplace, Mr. Petrunich has nothing to show for his lawsuit.  Consequently, Mr. Petrunich's request for

attorney fees will be denied.[11]

B. <u>Costs</u>

Mr. Petrunich has also sought an award of litigation costs.  Pursuant to 29 U.S.C. § 216(b), the Court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow [the] costs of the action."  Mr. Petrunich is seeking $626.80 in costs.

Parties prevailing in federal court may recover the taxable costs referenced in Fed. R. Civ. P. 54(d)(1) and enumerated in 28 U.S.C. § 1920.  <u>See also</u> M.D. Pa. R. 54.4 (detailing specific types of taxable costs).  Where, as here, a prevailing party is entitled to an award of costs under a civil rights fee-shifting provision, the costs recoverable are not limited to the costs taxable under Rule 54(d)(1) and 28 U.S.C. § 1920.  <u>See</u> <u>Reiter v. Metro Transp. Auth. of State of N.Y.</u>, No. 01 Civ. 2762(GWG), 2007 WL 2775144, at *21 (S.D.N.Y. Sept. 25, 2007).  In this regard, "prevailing parties in civil rights cases are generally entitled to recover any reasonable costs associated with litigating their claims, provided that the costs are necessary and properly documented."  <u>Kratzer v. Wegman's Rest., LLP</u>, No. Civ. A. 04-05889, 2005 WL 2847320, at *3 (E.D. Pa. Oct. 27, 2005).

Defendants assert two challenges to Mr. Petrunich's request for costs.  First,

_____

[11]As noted above, an award of fees and costs is discretionary under the PHRA.  The factors that compel a determination that an award of fees is not warranted under the ADEA also militate against an award under 43 Pa. Stat. Ann. § 962(c.2).

Defendants contest Mr. Petrunich's request to recover parking expenses incurred by Ms. Pollick and her legal assistant, Jessica L. Bradley.  (Defs' Br. Opp'n 7.)  In support of this motion, Ms. Pollick submitted a billing invoice listing seven occasions when parking expenses were incurred.[12]  Defendants' objection is simply that "there is no authority" for the recovery of such costs.  (Id.)  This contention is meritless.  Parking expenses are recoverable as litigation costs provided the expenses are reasonable and necessary to the litigation.  See Lambert v. Fulton County, 151 F. Supp. 2d 1364, 1377 (N.D. Ga. 2000); Becker v. ARCO Chem. Co., 15 F. Supp. 2d 621, 637 (E.D. Pa. 1998).  Mr. Petrunich contends that these expenses were related to this litigation, (Pl.'s Reply Br. 10), and Defendants do not argue otherwise.  Therefore, the Court will overrule Defendants' objection and allow recovery of the parking expenses.

Defendants also contend that the witness fee for Stanley Jasieniecki should be denied because he never testified at trial.  (Defs.' Br. Opp'n 7.)  The billing invoice, along with a receipt, show $42.00 was paid as a witness fee to Mr. Jasieniecki.  (Ex. A to Pollick Aff., at 7, 9.)  Local Rule of Court 54.4, in pertinent part, provides that witness "fees are taxable even though the witness does not take the stand provided the witness necessarily attends the court."  M.D.

---

[12]The seven entries: (1) January 10, 2005 (Ms. Pollick), $1.25; (2) October 27, 2006 (Ms. Pollick), $1.75; (3) January 2, 2007 (Ms. Bradley), $2.50; (4) January 8, 2007 (Ms. Bradley), $7.00; (5) January 8, 2007 (Ms. Pollick), $7.00; (6) January 9, 2007 (Ms. Bradley), $7.00; and (7) January 9, 2007 (Ms. Pollick), $7.00.  (Ex. A to Pollick Aff., Dkt. Entry 70-3, at 6-7.)

Pa. R. 54.4(4) (emphasis added).  Here, Mr. Petrunich has not submitted an affidavit verifying

Mr. Jasieniecki's attendance in Court during the trial proceedings.  In the absence of such

proof, the Court is unable to determine that Mr. Jasieniecki "necessarily attend[ed] the court."

Consequently, the Court will sustain Defendants' objection and disallow recovery of the $42.00

witness fee.

To summarize, Mr. Petrunich requested $626.80 in costs.  The Court will allow all costs

except the $42.00 witness fee paid to Mr. Jasieniecki.  Therefore, Mr. Petrunich will be awarded

$584.80 in costs.

III. CONCLUSION

For the reasons stated, Mr. Petrunich's Motion for Attorney Fees and Costs will be

granted in part and denied in part.  An appropriate Order follows.

s/ Thomas I. Vanaskie
Thomas I. Vanaskie
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

RONALD PETRUNICH                              :
                          Plaintiff           :
      v.                                      :      3:CV-04-2234
                                              :      (JUDGE VANASKIE)
SUN BUILDING SYSTEMS, INC., d/b/a             :
Contempri Homes, THOMAS SCHOTT,               :
JIM JONES                                     :
                          Defendants          :

ORDER

NOW, THIS 7th DAY OF APRIL, 2008, for the reasons set forth in the foregoing

Memorandum, IT IS HEREBY ORDERED THAT:

1. Plaintiff's Motion for Attorney Fees and Costs (Dkt. Entry 70) is GRANTED IN PART

AND DENIED IN PART as follows:

a) Plaintiff is awarded $584.80 in costs.

b) In all other respects, Plaintiff's motion is DENIED.

2. Judgment shall be entered in favor of Plaintiff and against Defendants for $584.80.

3. The Clerk of Court shall mark this action CLOSED.

s/ Thomas I. Vanaskie
Thomas I. Vanaskie
United States District Judge